**GFW CONSTRUCTION, Petitioner,**

v.

**Elaine L. CHAO, Secretary
of Labor, Respondent.**

No. 03–2780.

United States Court of Appeals,
Seventh Circuit.

Argued Aug. 3, 2004.

Decided Aug. 12, 2004.

William R. Dunn, Oak Lawn, IL, for Petitioner.

Mark Papadopoulos, Department of Labor, Office of the Solicitor, Washington, DC, for Respondent.

Before POSNER, ROVNER, and DIANE P. WOOD, Circuit Judges.

ORDER

GFW Construction (GFW) was issued a citation by the Occupational Safety and Health Administration (OSHA) for a willful violation of 29 C.F.R. § 1926.652(a)(1), for failing to shore up the trench walls in an excavation. OSHA proposed a fine of $11,000. GFW filed a Notice of Contest to the citation with the Occupational Safety and Health Review Commission. The Administrative Law Judge (ALJ) dismissed GFW's Notice of Contest because it failed

to comply with the Secretary's request for discovery. The Review Commission denied GFW's Petition for Discretionary Review and adopted the ALJ's decision as its own. 29 U.S.C. § 661(j). GFW now appeals, arguing that the ALJ improperly dismissed its challenge to the citation for two reasons: (1) the ALJ's sanction of dismissing the challenge was too harsh; and (2) the ALJ should have ruled on the Secretary's motion to continue the proceedings before dismissing the case. We deny GFW's petition for review of the ALJ's decision.

## Background

GFW filed its Notice of Contest to OSHA's citation of August 2002 and a hearing was scheduled for April 10, 2003. The Secretary served several interrogatories on GFW in December 2002. When GFW failed to answer the interrogatories, the Secretary moved in February 2003 to compel GFW to answer, and the ALJ granted the motion. GFW failed to comply with the ALJ's order, so the Secretary moved for sanctions under 29 C.F.R. § 2200.52(e)(4), seeking the dismissal of GFW's Notice of Contest. In light of the approaching hearing date, the Secretary also moved to continue the hearing.

The ALJ granted the Secretary's motion for sanctions, explaining, "[GFW]'s attorney was made aware of the importance of compliance with the February 21, 2003 order [to compel discovery] and completely disregarded it without any justifiable reason put forth. It is obvious that the refusal to answer the interrogatories, and the order issued was conscious and intentional." Therefore, the ALJ dismissed GFW's Notice of Contest to the citation for failing to comply with his order to respond to the Secretary's interrogatories, and affirmed OSHA's citation.

GFW then filed a Petition for Discretionary Review with the Review Commission and argued that ALJ "erroneously dismissed" GFW's Notice of Contest. GFW attached its answers to the Secretary's interrogatories to its petition, claiming that it "intended to file" the interrogatory answers and was ready to go to trial on April 10.

## Analysis

On appeal GFW first argues that the ALJ improperly dismissed its challenge to the citation because the ALJ's sanction of dismissing the challenge was too harsh a penalty because OSHA was not severely prejudiced by its failure to answer the interrogatories. GFW contends that OSHA was not prejudiced because "it should have had knowledge of all of the facts of the case." GFW argues that a fine would have been a more appropriate sanction.

The only authority GFW cites to support its position is an unpublished case from the Third Circuit, *McManus Decking, Inc. v. OSHRC,* No. 92–3374, 16 BNA OSHC 1250 (3d Cir. June 11, 1993) (unpublished opinion).[1] GFW argues that *McManus Decking* stands for the proposition that if an employer can show a "reasonable defense and the likelihood of being successful in the presentation of its defense," then this court should reverse the ALJ's dismissal.

GFW, however, misreads the holding of *McManus Decking.* In that case, the court held that even if an employer could show that dismissal was too harsh a sanction, the court will not remand the case unless the employer can show a likelihood that it would succeed on the merits. 998

1. Although the Third Circuit does not prohibit parties from citing unpublished opinions, the court does not consider them precedential. Cir. R. 28.3(a)

F.2d 1003, 16 OSHC at 1251. However, before the court reached the question of whether an employer could show a likelihood of success, it required the employer to provide a reasonable explanation for its failure to comply with the ALJ's discovery order. *Id.* The Third Circuit weighed the reasons given by the employer's counsel for failing to comply—counsel admitted he was "personally responsible" for not complying, asked the court's understanding as he was under tremendous stress at the time, and represented that some of the requested documents did not exist and others were privileged—against the minimal prejudice suffered by the Secretary. *Id.* Only after determining that it "might be inclined to overturn the sanction," did the court consider whether the employer showed a likelihood of success on the merits. *Id.*

Thus, if we were to adopt the approach of the Third Circuit, as urged by GFW, the first step in our analysis would be to determine if GFW had provided some reasonable explanation for failing to comply with the ALJ's order. GFW's only defense is that answering interrogatories is an unreasonable request of a sole practitioner. GFW explains,

> The case was ... placed on a very fast track, which basically leaves no time for discovery or compliance with discovery. An attorney, who is a sole practitioner, would have to virtually set aside his entire caseload and give immediate priority to this case even if several other matters he was currently handling were pending for a much longer period of time. To be ready for trial would be reasonable. But to do the paperwork and answer substantial Interrogatories, as submitted in this case, within such a short time frame, is extremely difficult, if not impossible, and unduly onerous.

This is not an acceptable excuse because GFW could have easily requested a continuance to give it time to answer the interrogatories instead of ignoring both the Secretary's request and the ALJ's order. Because GFW failed to provide any reasonable explanation for failing to comply with the ALJ's order, it cannot prevail under the standard articulated in *McManus Decking*.

GFW's second argument is that the ALJ abused his discretion by dismissing GFW's challenge to the OSHA citation after the Secretary filed a motion for continuance. GFW does not explain why it believes that the pending motion for continuance would have precluded the ALJ from ruling on the motion for sanctions. The ALJ found that GFW's failure to comply with the court's orders was "conscious and intentional," and we must treat as "conclusive" the Commission's findings of fact so long as they are "supported by substantial evidence on the record." 29 U.S.C. § 660(a). We can set aside the ALJ's application of the legal standard to the facts only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Because the ALJ's finding that GFW's failure to comply with the court's orders was "conscious and intentional" is supported by the record, we cannot find that the ALJ's decision was arbitrary or capricious. Accordingly, we deny GFW's petition for review of the Occupation Safety and Health Review Commission's order affirming the ALJ's dismissal of GFW's challenge to OSHA's citation.